# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

WILLIAM CAMP, JR., : CIVIL ACTION

    Plaintiff, :

v. :

UNITED STATES OF AMERICA, :

    Defendant. : NO. CV207-149

## O R D E R

Camp filed a Federal Tort Claims Act lawsuit against the federal government, alleging a medical malpractice claim while he was in federal custody at the Federal Corrections Institute ("FCI") in Jesup, Georgia. Presently before the Court are Camp's objections to the Magistrate Judge's report and recommendation, which suggested that Plaintiff's complaint be dismissed. Because Camp has submitted competent evidence of medical malpractice, his objection will be **SUSTAINED**.

According to Camp, on October 24, 2004, another inmate attacked him at the McIntosh County Jail. Camp sustained serious injuries to his ribs. At the time, Camp was being held on federal charges pending before Chief Judge William T. Moore, Jr., for possession of a firearm by a convicted

felon. On April 20, 2005, Judge Moore sentenced Camp to forty-six months incarceration.

On July 6, 2005, Camp arrived at the Federal Medical Center ("FMC") in Rochester, Minnesota. While Camp was incarcerated at FMC Rochester, the clinical director, Dr. David Edwardy, opined that Camp's rib injury should probably be surgically repaired. However, Camp was transferred to FCI Jesup before this surgery was scheduled. On October 6, 2005, Camp arrived at FCI Jesup. Jesup prison officials concluded that Camp did not require surgery.

Plaintiff raises no objection to the standards of law that govern this case, as explained by the Magistrate Judge in the report and recommendation. In short, Georgia law governs whether Camp has stated a claim entitling him to relief for medical malpractice for conduct occurring at the federal prison in Jesup. Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004)(per curiam). To make out a medical malpractice claim under Georgia law, the plaintiff must show "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." Zwiren v. Thompson, 276 Ga. 498, 499 (2003)(quoting Hawkins

2

v. Greenberg, 166 Ga. App. 574, 575 (1983)).

Camp's objections to the report and recommendation indicate that the report may rest on a faulty premise -- that is, Camp suggests that the report failed to consider a certain affidavit filed by Dr. Margaret Clark, a physician practicing on St. Simons Island, Georgia. Dkt. No. 39 at 5. In that affidavit, Dr. Clark noted that two medical professionals recommended further consultation by specialists while Camp was in federal custody. Dkt. No. 34, Ex. A. Clark opined that Jesup prison officials violated the applicable standard of care by failing to send Camp to consult with a specialist regarding his rib injury. Clark also opined that this failure to follow up with a specialist caused Camp to suffer three additional years of pain and debility. Id.

Accordingly, there is some competent evidence that Defendant is responsible for medical malpractice while Plaintiff was incarcerated at FCI Jesup. See generally Charles R. Adams III, Georgia Law of Torts § 5-2(d)(1) & (e) (2008-09 ed.)(collecting cases analyzing the standard of care and causation inquiries). To that extent, Plaintiff's complaint is not due to be dismissed. Because Camp has failed to object to the Magistrate Judge's suggested

3

disposition of his other claims, that portion of the report and recommendation remains undisturbed, and is adopted as the opinion of the Court. As to Camp's assertion of medical malpractice while incarcerated at FCI Jesup, his objection is **SUSTAINED**.

**SO ORDERED**, this ___28th___ day of April, 2009.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)